Filed 6/1/18; pub. order 6/22/18 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MOOFLY PRODUCTIONS, LLC, | B282084 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC516308) |
| v. | |
| SANDRA C. FAVILA et al., | |
| Defendants and Respondents; | |
| NINA M. RILEY, | |
| Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Reversed.

Law Offices of Nina M. Riley, Nina M. Riley; Walton & Walton, and L. Richard Walton for Plaintiff and Appellant Moofly Productions, LLC.

Law Offices of Nina M. Riley and Nina M. Riley for Appellant Nina M. Riley.

James K. Cameron & Associates and James K. Cameron for Defendants and Respondents Sandra C. Favila, Estate of Richard C. Corrales, and Motion Graphix, Inc.

This appeal requires us to consider the procedures a trial court must follow in imposing sanctions for violations of Code of Civil Procedure section 1008.[1]  That section, which establishes the rules for filing motions for reconsideration, provides that a court may impose sanctions for violations "as allowed by [s]ection 128.7." (§ 1008, subd. (d).)  May a trial court sanction a party for violating section 1008 without allowing the party the benefit of a 21-day safe harbor to withdraw the offending motion, as is required by section 128.7, subdivision (c)?  Our answer to that question is no. Because plaintiff and appellant Moofly Productions, LLC (Moofly) did not receive the required 21-day notice to withdraw its motion for reconsideration and avoid sanctions, the sanctions award against Moofly and Moofly's attorney, Nina M. Riley (Riley),[2] must be reversed.

## FACTS AND PROCEEDINGS BELOW

This case was originally filed in 2013 as a limited jurisdiction matter, and at various stages has been removed to federal court and remanded to the trial court in general jurisdiction.  Because this appeal concerns only the question of an award of sanctions against Moofly and Riley, we describe only those facts and proceedings relevant to the issue at hand.

On November 10, 2016, the trial court granted a motion by defendants and respondents Sandra Favila, the Estate of Richard Corrales, and Motion Graphix, Inc. (collectively defendants) for

---

[1]  Unless otherwise specified, subsequent statutory references are to the Code of Civil Procedure.

[2]  Because the trial court ordered Riley as well as Moofly to pay the sanctions, Riley herself is a party to this appeal. Except where necessary to distinguish between them, we refer to appellants collectively as Moofly.

terminating sanctions on Moofly's claims against defendants.[3] The court found that Moofly had abused the discovery process by failing to respond to discovery requests and disobeying court orders to provide discovery (see § 2023.010, subds. (d) & (g)), and had displayed "utter disregard for the court as well as court procedures."

Moofly does not appeal from these terminating sanctions. Rather, Moofly challenges the monetary sanctions imposed for filing a motion dated November 23, 2016, in an unsuccessful attempt to obtain a reversal of the terminating sanctions. Moofly filed its motion pursuant to section 473, which under certain circumstances allows parties relief from defaults and dismissals entered against them as a consequence of their mistakes or neglect. Moofly argued that the discovery violations that led the court to issue terminating sanctions were the result of excusable neglect by its representatives, who filed late responses to defendants' discovery requests. Defendants filed an opposition to the motion on December 7, 2016, pointing out that Moofly had made the same arguments in its earlier opposition to terminating sanctions, and that Moofly's motion was in essence an incorrectly labeled motion for reconsideration pursuant to section 1008 of the trial court's grant of terminating sanctions. Defendants argued that the motion should be denied because Moofly had cited no new facts, circumstances, or law to justify such a motion, as is required for relief under section 1008. In addition, defendants asked the court to issue an order to show cause regarding sanctions.

On December 20, 2016, the court denied the motion, issued an order to show cause regarding sanctions against Moofly, and set the hearing on the order to show cause for January 23, 2017. Moofly filed a response on January 18, in which it sought to

---

[3] Defendants' cross-claims against Moofly remain active.

withdraw its motion for reconsideration—nearly a month after the court denied it—and opposed sanctions.

On February 2, 2017, the court granted the motion for sanctions against both Moofly and Riley in the amount of $10.499.51, payable to defendants' counsel.

## DISCUSSION

Moofly contends that the trial court's sanctions order must be reversed because the court violated statutory requirements for the imposition of sanctions. In particular, Moofly argues that the trial court failed to allow it a 21-day safe harbor period in which to withdraw the motion in order to escape sanctions, as required by section 128.7, subdivision (c)(2). Defendants contend that when imposing sanctions under section 1008, subdivision (d), a court need not comply with the requirements of section 128.7, including the 21-day safe harbor period. Because this is a question of statutory interpretation, our review is de novo. (See *Optimal Markets, Inc. v. Salant* (2013) 221 Cal.App.4th 912, 921-922.) We conclude that the requirements of section 128.7 do apply to sanctions imposed under section 1008, subdivision (d). Because the trial court's order imposing sanctions did not comply with the safe harbor requirement of section 128.7, subdivision (c)(2), we reverse.

A California court may impose attorney fees as a sanction only when authorized by statute to do so. (See *Interstate Specialty Marketing, Inc. v. ICRA Sapphire, Inc.* (2013) 217 Cal.App.4th 708, 717.) In this case, the court imposed sanctions pursuant to section 1008, subdivision (d), which provides that a "violation of this section may be punished as a contempt and with sanctions as allowed by [s]ection 128.7." Section 128.7 allows sanctions against parties who file papers in court frivolously, in bad faith, or otherwise improperly.

4

The plain language of the statute guides our interpretation: A court may impose sanctions under section 1008, subdivision (d), "as allowed by [s]ection 128.7." Sanctions are not "allowed by [s]ection 128.7" (§ 1008, subd. (d)), unless all the requirements of section 128.7, including safe harbor, are followed. This interpretation is consistent with the one courts have applied in analogous cases involving the award of attorney fees and costs under the anti-SLAPP statute, section 425.16. The anti-SLAPP statute requires courts to "award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to [s]ection 128.5." (§ 425.16, subd. (c)(1).) Courts have concluded that "[t]he 'reference to section 128.5 in section 425.16, subdivision (c) means a court must use the procedures and apply the substantive standards of section 128.5 in deciding whether to award attorney fees under the anti-SLAPP statute.' " (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199.)

Additional case law supports our conclusion that the requirements of section 128.7 apply to sanctions under section 1008, subdivision (d). Although we are not aware of any other case that has considered the procedural rules a court must apply in imposing sanctions under section 1008, subdivision (d), several cases have addressed the substantive standard of conduct for which sanctions may apply. In every case that we are aware of, the court has upheld sanctions under section 1008, subdivision (d) only for conduct that violates the standards of section 128.7. (See, e.g., *Young v. Rosenthal* (1989) 212 Cal.App.3d 96, 123 [sanctions appropriate because motion for reconsideration was "clearly frivolous and . . . brought in bad faith"]; *In re Marriage of Green* (1989) 213 Cal.App.3d 14, 26 [motion for reconsideration was "totally and completely without merit, and was frivolous"]; *Lucas v. Santa Maria Public Airport Dist.* (1995) 39 Cal.App.4th 1017, 1028 [sanctions overturned because the trial court made no finding that

5

the sanctioned party "engaged in bad faith or that the reconsideration motion was frivolous"]; *Tutor-Saliba-Perini Joint Venture v. Superior Court* (1991) 233 Cal.App.3d 736, 745 [sanctions overturned because trial "court's conclusion that the motion was frivolous and brought solely for the purpose of delay was clearly an abuse of discretion"].)

Defendants contend that because section 1008, subdivision (d), allows for violations to be "punished *as a contempt* and with sanctions as allowed by [s]ection 128.7" (italics added), and because there is no 21-day safe harbor provision in initiating contempt proceedings, the court need not observe the safe harbor requirement of section 128.7 either. We are not persuaded. Section 1008, subdivision (d) establishes two alternatives a trial court may choose: contempt, or sanctions pursuant to section 128.7. Each is subject to its own separate substantive and procedural requirements.

Having concluded that the requirements of section 128.7 apply to sanctions imposed under section 1008, subdivision (d), we must now consider whether the trial court correctly followed those requirements in this case. Section 128.7 provides two procedures for the award of sanctions. A party may request sanctions, pursuant to subdivision (c)(1), or the court may impose sanctions on its own motion, pursuant to subdivision (c)(2). In this case, defendants contend that the trial court followed the procedures for imposing sanctions on its own motion. In order to sanction a party on its own motion under section 128.7, subdivision (c)(2), the court must "enter an order describing the specific conduct that appears to violate [section 128.7,] subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated [section 128.7,] subdivision (b), unless, within 21 days of service of the order to show cause, the

6

challenged paper, claim, defense, contention, allegation, or denial is withdrawn or appropriately corrected." (§ 128.7, subd. (c)(2).)

In this case, the trial court did not notify Moofly that it would be subject to sanctions if it did not withdraw the motion for reconsideration. Instead, the court denied Moofly's motion for reconsideration at the same moment that it issued the order to show cause. Moofly's subsequent attempt to withdraw its motion was thus moot. In its order imposing sanctions, the court recognized this, stating that Moofly's "purported 'withdrawal' of the motion for relief is meaningless since [defendants] already opposed the motion and the court already ruled on the motion." Courts of Appeal have uniformly rejected efforts by parties to obtain sanctions when the court has already ruled on the offending motion on the ground that " '[a] party seeking sanctions must leave sufficient opportunity for the opposing party to choose whether to withdraw or cure the offense voluntarily before the court disposes of the challenged contention.' " (*Barnes v. Department of Corrections* (1999) 74 Cal.App.4th 126, 135, quoting *Ridder v. City of Springfield* (6th Cir. 1997) 109 F.3d 288, 297.) The same reasoning applies to sanctions imposed on the court's own motion.

Defendants also contend that Moofly's opposition to the trial court's order to show cause was void because the Franchise Tax Board had suspended Moofly's certification at the time Moofly filed its opposition. The suspension occurred on January 3, 2017, after the trial court had denied Moofly's motion for reconsideration and issued its order to show cause regarding sanctions, but before the hearing at which the court ordered sanctions against Moofly. In support of their position, defendants cite *Fresno Rock Taco, LLC v. National Surety Corp.* (E.D.Cal. Sept. 3, 2014, No. 1:11-CV-00845-SKO) 2014 WL 4374228, a case in which a federal district court sanctioned a party because its suspension for failure to pay taxes caused a two-month delay in a jury trial.

7

(See *id.* at pp. *8-*9.)  But in this case, the trial court did not sanction Moofly because its suspension caused any delay or inconvenience to the court or to defendants.  Indeed, the court was unaware of Moofly's suspension at the time it imposed sanctions.[4]

Moreover, a corporation's suspension by the Franchise Tax Board does not render all the corporation's actions in litigation void. (See *Center for Self-Improvement & Community Development v. Lennar Corp.* (2009) 173 Cal.App.4th 1543, 1552-1553.)  Instead, once a corporation pays its taxes and obtains relief from suspension, "the revival of corporate powers has the effect of validating the earlier acts and permitting the corporation to proceed with the action."  (*Peacock Hill Assn. v. Peacock Lagoon Constr. Co.* (1972) 8 Cal.3d 369, 373.)  In this case, Moofly paid its taxes and was revived in August 2017.  At that point, its actions while suspended were validated.  (See *id.*; *Bourhis v. Lord* (2013) 56 Cal.4th 320, 329.)

Because the trial court's order imposing sanctions on Moofly and its attorney did not comply with the statutory requirements, that order is reversed.

---

[4] Defendants later filed a separate motion to sanction Moofly for continuing to participate in the case and failing to notify either the trial court or defendants of its suspension.  The trial court denied that motion.

## DISPOSITION

The order of the trial court is reversed.  The parties shall bear their own costs on appeal.

ROTHSCHILD, P. J.

We concur:

JOHNSON, J.

BENDIX, J.

9

Filed 6/22/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MOOFLY PRODUCTIONS, LLC, | B282084 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC516308) |
| v. | |
| SANDRA C. FAVILA et al., | CERTIFICATION AND ORDER FOR PUBLICATION |
| Defendants and Respondents; | |
| NINA M. RILEY, | |
| Appellant. | |

THE COURT:

The opinion in the above-entitled matter filed on June 1, 2018, was not certified for publication in the Official Reports.  For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

ROTHSCHILD, P. J.          JOHNSON, J.          BENDIX, J.

10