Filed 4/24/23  Ngo v. Tran CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KAM NGO,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HENRI HAI TRAN et al.,<br><br>    Defendants and Appellants. | B322843<br><br>(Los Angeles County<br> Super. Ct. No. 21STCV17075) |

APPEAL from an order of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Reversed and remanded.

Prosperous Law Group, David T. Tran and Kristin Cable, for Defendants and Appellants.

Law Offices of Edward C. Ip & Associates, Edward C. Ip and Christine A. Chou, for Plaintiff and Respondent.

**INTRODUCTION**

This appeal is from an order imposing monetary sanctions. At respondent's request, the trial court sanctioned appellants for bringing an unsuccessful motion for reconsideration under Code of Civil Procedure section 1008.[1] However, to obtain such sanctions, respondent had to follow procedural steps set forth in section 128.7. Respondent did not do so. Therefore, we reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

This appeal involves a straightforward issue of law. We recite only those facts necessary to explain our decision. Appellants Henry Hai Tran and his d/b/a/ company HD Construction (whom we will refer to collectively as "HD Construction") and respondent Kam Ngo were parties to a construction contract. In May 2021, Ngo sued HD Construction. HD Construction recorded a mechanics lien and cross-complained. In December 2021, Ngo petitioned to release the mechanics lien. In January 2022, the trial court granted that petition. HD Construction then moved for reconsideration.

In Ngo's opposition to the motion for reconsideration, he asked "that monetary sanctions be awarded to Plaintiff[] and paid by Defendants and their attorney for reasonable fees associated with Plaintiff having to file this Opposition and attend this hearing in the amount of $5,257.00 plus filing fees in the amount of $61.65." Ngo cited section 1008, subdivision (d) as the basis for this request.

---

[1]   Undesignated statutory references are to the Code of Civil Procedure.

2

HD Construction replied. It argued that there were "no grounds for CCP 1008 sanctions against HD Construction." HD Construction did not otherwise argue that Ngo's sanctions request was procedurally improper.

On July 1, 2022, the trial court heard the motion for reconsideration. At oral argument on the motion for reconsideration, neither HD Construction nor Ngo discussed the procedural requirements for sanctions under section 1008. The court denied the motion for reconsideration in a written order, noting that HD Construction had paid "short shrift" to the procedural requirements for a motion for reconsideration and that "[i]t merely wants the motion heard again." On the issue of sanctions, the court's order stated only that "Plaintiff requests monetary sanctions of $5,257.00 plus filing fees in the amount of $61.65 under CCP sec. 1008(d). Defendant does not contest the amount of sanctions in its reply. The request for monetary sanctions is granted." HD Construction timely appealed the sanctions order.

## DISCUSSION

Section 1008 governs motions for reconsideration. Subdivision (d)—the basis for the sanctions award here—provides that "[a] violation of this section may be punished as contempt and with sanctions as allowed by Section 128.7." (§ 1008, subd. (d).)

Section 128.7, in turn, allows a court to impose sanctions against parties and attorneys who file papers in court frivolously or for an improper purpose. (§ 128.7, subd. (b).) There are strict procedural steps that must be met before a court imposes section 128.7 sanctions. "A motion for sanctions under [section 128.7] *shall be made separately from other motions or requests* and shall describe the specific conduct alleged to violate subdivision (b)." (§ 128.7, subd. (c)(1), italics added.) The notice of motion must be served on

the other party at least 21 days before the motion is filed. (*Ibid*.) If the other party does not withdraw or correct the challenged conduct, the motion may then be filed, and the court may consider the motion for sanctions. (*Ibid*.)

These same procedural requirements apply to a request for monetary sanctions under section 1008. (*Moofly Productions, LLC v. Favila* (2018) 24 Cal.App.5th 993, 997 (*Moofly*) [holding "the requirements of section 128.7 do apply to sanctions imposed under section 1008, subdivision (d)" and reversing trial court's sanction award under section 1008 for failure to comply with 21-day "safe harbor" of section 128.7].)

Here, there is no dispute that the procedural requirements of sections 1008, subdivision (d) and 128.7 were not met. Ngo requested sanctions in his opposition, not in a "separate[]" motion. (§ 128.7, subd. (c)(1).) He did not describe specific conduct alleged to have violated section 128.7, subdivision (b). (*Ibid*.) And he neither served a motion for sanctions 21 days before he filed the sanctions motion nor gave HD Construction the opportunity to withdraw its motion for reconsideration. (*Ibid*.) Thus, we agree with HD Construction that Ngo did not meet the requirements for obtaining sanctions under section 1008.

Ngo makes two arguments in response. First, he argues that HD Construction did not raise the issue below. We agree that HD Construction did not give the trial court an opportunity to consider Ngo's compliance with the procedural steps of section 128.7 and do not fault the court for not considering the issue. However, compliance with the procedural steps of section 128.7 on the record here is a question of law. Failing to raise the issue below does not necessarily forfeit the issue on appeal. (*Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685, 700 [despite not raising issue below, sanctioned party's "argument that [the opposing party] failed to

4

comply with the safe harbor requirements of section 128.7 . . . presents a pure question of law which may be addressed on appeal"]; *Barnes v. Department of Corrections* (1999) 74 Cal.App.4th 126, 129 [party not "precluded from raising" issue of non-compliance with procedural safe-harbor provision of section 128.7 "because he failed to raise it in the trial court"].) Accordingly, we exercise our discretion to consider HD Construction's argument here.

Second, Ngo argues that the requirements of section 128.7 do not apply because section 1008 also allows the trial court to punish a violation of the requirements for a motion for reconsideration with "contempt." (§ 1008, subd. (d).) But, as *Moofly* explained, "[s]ection 1008, subdivision (d) establishes two alternatives a trial court may choose: contempt, or sanctions pursuant to section 128.7. Each is subject to its own separate substantive and procedural requirements." (*Moofly*, *supra*, 24 Cal.App.5th at p. 998.) Here, there were no contempt proceedings. Instead, the trial court issued sanctions. It could only issue those sanctions if the requirements of section 128.7 were met. Since they were not, we reverse.[2]

//

//

//

//

//

//

---

[2] Ngo argues that the motion for reconsideration had no merit. But HD Construction did not appeal the court's denial of its motion for reconsideration, only the imposition of sanctions. The merits of the underlying motion are not before us.

## DISPOSITION

The court's order awarding monetary sanctions of $5,257.00 plus filing fees in the amount of $61.65 against HD Construction is reversed and the trial court is directed to enter an order denying Ngo's request for sanctions in connection with HD Construction's motion for reconsideration. We address no other issue. HD Construction is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


DAUM, J.*

WE CONCUR:


CURREY, Acting P. J.


COLLINS, J.

_____

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.